UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| FREDDIE ASKINS-BEY,<br><br>  Plaintiff,<br><br>v.<br><br>MARYLAND PROPERTY RENTALS LLC,<br><br>  Defendant. | Civil Action No.: CCB-22-2494 |

**MEMORANDUM**

Self-represented plaintiff Freddie Askins-Bey has requested permission to proceed *in forma pauperis*. Because plaintiff appears indigent, his request to proceed without pre-payment of the filing fee is granted. For the reasons explained below, the complaint must be dismissed.

Plaintiff invokes this court's federal question jurisdiction and his statement of claim states in full: "I am a National Indigenous flesh and blood person exercising my jus sanguine, imperium writ of right, just post limina and plenum rectum habere. Thus exercising my right of lawful claim to my Estate." (ECF 1 at 6, Compl.). Attached to his complaint is a letter sent to defendant who appears to be property management company for the property where plaintiff resides. (ECF 1-2, Letter). In the letter, plaintiff asserts that he wishes to come to a peaceful resolution regarding any rent owed or eviction notices. (*Id*. at 1). He asserts that he is "an aboriginal and indigenous Moorish American" and a "natural person." (*Id*.). He further claims that pursuant to the "United Nations declaration on the rights of indigenous people . . . indigenous people, i.e., Moorish Americans, cannot be forcibly removed from their lands, territories, homes or estates, etc."[1] (*Id*.)

---

[1] Courts have consistently held that the Declaration on the Rights of Indigenous Peoples does not create a federal cause of action. *Johenkins v. New Jersey*, 2019 WL 4309037 * 2 (E.D. N.C. Aug. 19, 2019) (quoting *Yahudah Washitaw of E. Terra Indians v. PHH Morg. Corp.*, 2017 WL 6541508 *2 (E.D. N.C. Dec. 21, 2017)).

Self-represented pleadings are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Insofar as plaintiff is asserting that the Maryland courts lack jurisdiction over Moorish-Americans and/or Maryland laws regarding landlord-tenant relations cannot be enforced, and therefore his rental agreement cannot be enforced against him, such arguments have been repeatedly rejected. The American Moorish and Sovereign Citizen movements have been uniformly rejected as legally frivolous by this court and other courts across the country. *See El v. Mayor New York*, 2014 WL 4954476, at *5 (E.D. N.Y. Sept. 30, 2014) (citation omitted); *see Bond v. N.C. Dep't of Corr.*, 2014 WL 5509057, at *1 (W.D. N.C. Oct. 31, 2014) (explaining that "courts have repeatedly rejected arguments . . . by individuals who claim that they are not subject to the laws of the . . . individual States by virtue of their 'Moorish American' citizenship"). "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011); *see United States v. White*, 480 F. App'x. 193, 194 (4th Cir. 2012) ("Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a ... court's jurisdiction in criminal prosecutions...."); *Bryant v. Wash. Mut. Bank,* 524 F.Supp.2d 753 (W.D.Va.2007) (rejecting claim in an attempt to satisfy a mortgage); *Bey v. Genano*, No. PWG-16-cv-2800, 2017 WL 1315530, at *2 n.7 (D. Md. 2017) ("The legal assertions raised in the complaint and declaration involving [the individual's] Moorish-American descent amount to nonsensical gibberish." (quoting *Fullard v. Maryland*, 2015 WL 1517393, at *1 n.1 (D. Md. Mar. 31, 2015))).

Plaintiff's purported status as a Moorish-American citizen does not enable him to violate the terms of his lease and avoid the enforcement of state laws regarding rental agreements. Thus,

2

"the argument that a person is entitled to ignore the laws of the [State of Maryland] by claiming membership in the Moorish-American nation is without merit . . ." *El v. Mayor of City of New York*, 2014 WL 4954476, at *5 (E. D. N.Y. 2014) (omission in original) (citation omitted) (internal quotation marks omitted).

      Accordingly, by separate order which follows, the complaint shall be dismissed.

| | |
|---|---|
| 10/26/2022 | /s/ |
| Date | Catherine C. Blake<br>United States District Judge |